**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 98-4761

HERBERT SAMUEL CHRISTENSEN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-98-238)

Submitted: May 28, 1999

Decided: June 11, 1999

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Elliott, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Herbert Samuel Christensen, Jr., of being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g)(1) (1994). On appeal, Christensen challenges the district court's decision to sentence him as an armed career criminal pursuant to 18 U.S.C. § 924(e) (1994) and USSG § 4B1.4(b)(3)(B).**1** Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Christensen, who admits to being a convicted felon, was arrested after he discharged a firearm at a motel while intoxicated. Under the statute, a person is considered an armed career criminal if the present conviction is for a violation of § 922(g) and he has at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions. See 18 U.S.C.§ 924(e).

In the present case, the district court found that Christensen had seven qualifying convictions, which consisted of four convictions by South Carolina state courts for burglary, housebreaking, grand larceny, and escape and three convictions by Nebraska state courts for escape. Christensen challenges the inclusion of three of the South Carolina convictions and the Nebraska convictions in determining his status as an armed career criminal. Specifically, Christensen alleges that his South Carolina convictions should not be considered because they were found to be constitutionally defective on habeas review by a federal district court in Nebraska. He further alleges that his escape convictions should not be considered because under Nebraska law they were not violent offenses.

Because the underlying facts are undisputed, we review the district court's decision to sentence Christensen as an armed career criminal de novo. See United States v. Daughtrey , 874 F.2d 213, 217 (4th Cir. 1989). Christensen's claim concerning the inclusion of his Nebraska escape convictions were resolved against him in United States v.

_____

**1** **U.S. Sentencing Guidelines Manual** (1997).

2

Hairston, 71 F.3d 115, 117-18 (4th Cir. 1995), in which we applied the statutory definition of "violent felony" and found that the offense of escape, by its very nature, "involves conduct that presents a serious potential risk of physical injury to another." [2] Because we find that the district court properly considered the Nebraska convictions and because these convictions were sufficient to support the court's decision to sentence Christensen as an armed career criminal, we decline to address Christensen's claim concerning the inclusion of his prior South Carolina convictions.

Accordingly, we affirm Christensen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] See 18 U.S.C. § 924(e)(2)(B)(ii) (1994).

3